Michael K. Brown (State Bar No. 104252)
Thomas J. Yoo (State Bar No. 175118)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:    (213) 457-8000
Facsimile:    (213) 457-8080

Steven J. Boranian (State Bar No. 174183)
Susan B. Altman (State Bar No. 230227)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111
Telephone:    (415) 543.8700
Facsimile:    (415) 391.8269

Attorneys for Defendant Merck & Co., Inc.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL AND EDWARD DAVIDSON<br>　　　　Plaintiffs,<br><br>vs.<br><br>MERCK & Co., INC AND DOES 1 through 10<br><br>　　　　Defendants. | Case No. 2:05-cv-00914-WBS-KJM<br><br>**STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS PENDING TRANSFER TO *IN RE VIOXX PRODUCTS LIABILITY LITIGATION*, MDL NO. 1657** |

The parties, by and through their counsel, stipulate to and respectfully request a stay of all proceedings in this action pending the transfer of this case to In re VIOXX Products Liability Litigation, MDL No. 1657.

Plaintiff Carol Davidson alleges personal injuries that she attributes to the prescription drug VIOXX®.  Defendant Merck & Co., Inc. ("Merck") manufactured and distributed VIOXX®, but voluntarily withdrew VIOXX® from the market on September 30, 2004.  Plaintiff Edward Davidson alleges loss of consortium.

- 1 -
STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS PENDING TRANSFER TO IN RE VIOXX PRODUCTS LIABILITY LITIGATION, MDL NO. 1657

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring 148 VIOXX®-related cases to the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings under 28 U.S.C. § 1407.  Merck intends to seek the transfer of this action to that Multidistrict Litigation, In re VIOXX Products Liability Litigation, MDL No. 1657, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.  A stay will potentially conserve judicial resources and will not cause unfair prejudice to the parties.  *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (stay pending MDL transfer decision action would further judicial economy because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation").

Based on the foregoing, the parties respectfully request that the Court stay this action pending its transfer to MDL No. 1657.

DATED:  ~~May~~ June  1 , 2005.

               REED SMITH LLP

By   /s/ Steven J. Boranian
   Steven J. Boranian
   Attorneys for Defendant
   Merck & Co., Inc.

DATED:  May 18, 2005.

               FURTADO JASPOVICE & SIMMONS

By   /s/ Richard J. Simmons
   Richard J. Simons
   Attorneys for Plaintiff
   Carol and Edward Davidson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## **ORDER**

Having considered the foregoing stipulation and good cause appearing therefore, IT IS SO ORDERED.

DATED: June 6, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE